UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA ROGERS,<br><br>      Plaintiff,<br><br>-against-<br><br>NYU HOSPITALS DOCTORS; BELLEVUE HOSPITAL; TIBERIUS FRAY; TILMA FRUETEUR,<br><br>      Defendants. | 24-CV-6974 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity of citizenship jurisdiction and alleging that Defendants violated his rights. Named as Defendants are "NYU Hospitals Doctors,"[1] Bellevue Hospital, Tiberious Fray, and Tilma Frueteur. By order dated September 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff also refers to this Defendant as "NYU Doctor @ Date of Discharge." (ECF 1, at 4.)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's general complaint form. He checks the box on the form to invoke the Court's diversity of citizenship jurisdiction. In response to the question asking which of his federal constitutional or federal statutory rights were violated, a question that is intended only to be answered by plaintiffs invoking federal question jurisdiction, Plaintiff writes, "Rights to ac[c]ess of healthcare, Discrimination based off color, sex, religion,

pref[er]ence + ostracism. Having orthoped." (ECF 1, at 2.)[2] He states that the events giving rise to his claims occurred at the emergency room at NYU Hospital on an unspecified date.

The following allegations are taken from the complaint. While at the NYU Hospital ER, Plaintiff began to feel pain and numbness in his feet. He sought assistance, but he was "immediately met with attitude and push back." (*Id.* at 5.) "The staff made fun of [Plaintiff] in [his] face and blatantly disrespected [him]." (*Id.*) The nurse also gave him a "hard time about the IV." (*Id.*) Plaintiff "defecated on [him]self because no one would help [him] to the bathroom." (*Id.*) Two doctors came to see him, but they gave him "the run around" and did not help to alleviate his fever and pain. (*Id.*)

Plaintiff alleges that he was hospitalized with bacterial meningitis for four days and that the doctors "refused" to give him pain medication and "never treated" the cause of his injuries. (*Id.* at 6.) Plaintiff lost his shoes, backpack, wallet, and documents because he "was too weak to carry" them. (*Id.*) Plaintiff also "lost two bottles of medication" for hepatitis that "can't get refilled until the month end[s]." (*Id.*)

Plaintiff further alleges that "after [he] left," Bellevue "said it would pay [him] 3/4 of a billion dollars and NYU 225 million for its role in [his] stay." (*Id.*)

Plaintiff seeks $1.5 billion in damages.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

3

citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**A.     Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff does not invoke the Court's federal question jurisdiction and his allegations, liberally construed, do not suggest a viable claim under any federal law.[3] The Court therefore lacks federal question jurisdiction of this action.

### B.     Diversity of Citizenship Jurisdiction

Plaintiff invokes the Court's diversity of citizenship jurisdiction, and his allegations suggest that he is asserting state law claims of medical malpractice or negligence. Plaintiff, however, does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks omitted). In addition, the plaintiff must allege to a "reasonable probability" that the claim is worth more than the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

---

[3] For example, while there are federal statutes that protect against various forms of discrimination, Plaintiff alleges no facts suggesting that any of the defendants discriminated against him on the basis of his race, sex, or any other protected characteristic.

Here, Plaintiff alleges that he is a resident of the State of New York. Plaintiff does not provide any information about the citizenship of the defendants, although it is likely that Bellevue Hospital, which is located in Manhattan and operated by New York City Health + Hospitals, is also a citizen of the State of New York. Because Plaintiff has not alleged facts demonstrating diversity of the parties, the Court lacks diversity of jurisdiction of his claims.[4]

The Court therefore dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts demonstrating that the Court has subject matter jurisdiction of this action, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. If Plaintiff seeks to bring claims under the Court's federal question jurisdiction, he must allege facts suggesting a viable claim arising under the Constitution, laws, or treaties of the United States. If he seeks to bring claims under the Court's diversity jurisdiction, he must allege facts

---

[4] The Court assumes for the purposes of this order that Plaintiff has sufficiently alleged that any state law claims he is asserting are worth more than the $75,000 jurisdictional minimum.

demonstrating that he and the defendants are citizens of different states and that his claims are worth more than the $75,000 jurisdictional minimum.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  November 13, 2024
        New York, New York

                                             /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge